IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20937
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GASPAR VASQUEZ-AREGUIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-145-1
--------------------
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gaspar Vasquez-Areguin ("Vasquez") appeals the 75-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

Vasquez acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Vasquez's argument is foreclosed.

Vasquez contends also that his indictment should have been dismissed because it failed to allege any general intent to enter the United States. Vasquez did not challenge the indictment in the district court; therefore, it is construed in favor of validity unless it was so defective that, by any reasonable construction, it failed to charge the offense of conviction. <u>United States v. Threadgill</u>, 172 F.3d 357, 373 (5th Cir.), <u>cert. denied</u>, 528 U.S. 871 (1999). Vasquez's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment. <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236, 239 & n.13 (5th Cir. 2000).

Vasquez's conviction and sentence are AFFIRMED.